62 419<br>78 387

[No. 8,646.—Department Two.]
December 20, 1882.

## CAPITAL SAVINGS BANK v. JOHN REEL ET AL.

DISCHARGE OF SURETY—PROMISSORY NOTE—PAYMENT—ACCOMMODATION MAKER—DEFENSES TO ACTION ON NOTE—RELEASE OF ATTACHMENT.— Action upon a joint and several promissory note given by the firm of Reel & McGraw, with the defendant Cave as accommodation maker. The defendant Cave defended on the ground that the note was paid by Reel & McGraw, and was surrendered to them, but was afterwards retaken by the plaintiff from them, and held by it, without his (Cave's) knowledge or consent. The jury found a verdict for the defendant Cave.

*Held:* There was evidence tending to prove the facts as pleaded by the defendant, and the verdict of the jury would not be disturbed.

ID.—The defendant also pleaded, as a defense to the action, that the plaintiff in the action had attached sufficient property of Reel & McGraw to secure the payment of the note, and had without his knowledge or consent released the attachment.

*Held:* There was evidence also tending to show these facts, and that Cave, being an accommodation maker, should not, under these circumstances, be injured by the acts of the plaintiff.

APPEAL by plaintiff from an order of the Superior Court of the County of Sacramento denying motion for a new trial. DENSON, J.

Action on a joint and several promissory note. The note was executed at the city of Sacramento by the defendants John Reel and Peter McGraw, as copartners, under firm name of Reel & McGraw, and by the defendant J. B. Cave, to the plaintiff, May 9th, 1878, for $2,000, payable one month after date, with interest at one per cent. per month, compounding monthly. The answer of the defendants Reel & McGraw

was stricken out by the Court, and judgment was given against them as by default. Defendant Cave answered separately, and after denying all indebtedness to plaintiff, and the non-payment of the note, set up affirmatively the following defenses:

And for a further defense this defendant avers that on or about the 9th day of May, A. D. 1878, said defendants John Reel and Peter McGraw, under the firm name of Reel & McGraw, and as co-partners under such firm name, were indebted to plaintiff in the sum of two thousand dollars, for and on account of moneys before that time had and received by them from plaintiff, and on that day this defendant executed said promissory note, with said Reel & McGraw as surety thereon, for them to plaintiff, and said note was thereupon delivered to and received by plaintiff to secure said indebtedness, and with notice and knowledge by plaintiff that this defendant executed the same as surety for said Reel & McGraw, and in no other way.

That prior to the maturity of said note this defendant notified said plaintiff that if said note was not paid at the maturity thereof by said Reel & McGraw, to proceed, without delay, to collect the same.

That on or about the 3d day of August, 1878, plaintiff was wrongfully and without right in the possession of said note, and then claimed and pretended that the same had not been paid, whereupon this defendant requested plaintiff to bring an action upon said note and to sue out a writ of attachment upon the same, and under said writ to levy upon and seize certain property of said Reel & McGraw as surety, for the payment of any judgment which might be recovered in such action, whereupon, on the day last mentioned, plaintiff commenced this action, and on the same day filed therein the affidavit and undertaking required by law for the issuing of said writ, and afterwards, on the same day, such writ was issued in due form out of this Court and delivered to the Sheriff of said county, and on the same day, under and by virtue of said writ, said Sheriff levied upon and seized a large amount of personal property, which then was in the possession of and belonged to said Reel & McGraw, and was of the value of four thousand dollars, and was more than suffi-

cient to satisfy plaintiff's said demand, together with all the costs of this action, and the costs and expenses of taking and keeping said personal property under said attachment.

That afterwards, to wit, on the fifth day of August, 1879, plaintiff, without cause and without notice to this defendant, and without his knowledge or consent, voluntarily released said property from said attachment, and caused the same to be delivered to other creditors of said Reel & McGraw.

That prior to the aforesaid release of said property from said attachment, said Reel & McGraw had become insolvent and wholly unable to pay any judgment which might have been or may be recovered in this action. That said Reel & McGraw ever since that time have been and now are insolvent, and have no property liable to be taken under execution.

This answer is made upon information and belief as to payment of said note and the levy and release of said attachment.

That this defendant had no notice or knowledge of such release of said property until the thirtieth day of January, 1880, at which time said writ of attachment was returned by said Sheriff and filed in this Court. Wherefore defendant prays judgment and costs.

As between the plaintiff and the defendant Cave, the action was tried with a jury, who returned a verdict for the defendant. The evidence was conflicting, but there was evidence given tending to show the following facts:

Defendant Cave was surety, though appearing as principal, and this fact was known to plaintiff. The day after the note was signed, Cave called on the President of the bank (Mr. Carey, who personally transacted the whole business), and told him he was sorry he had " gone on the note," and asked plaintiff to make Reel & McGraw pay the note at maturity, and plaintiff then promised to do so. During the running of the note, Reel & McGraw accumulated at the bank one thousand seven hundred dollars, and had that amount on deposit to their credit at the maturity of the note, at which time McGraw called at the bank and informed the President that he came to pay the note. This was in the President's office in the bank. The President stepped into the bank and examined Reel & McGraw's account; went to his account, saw how

it stood, and said, "All right." The President then furnished
McGraw with a blank check for the amount, and directed
him to fill it out, which was done. The check was delivered
to the President by McGraw, and the note was delivered to
McGraw by the President. As McGraw was about leaving
the office he remarked to Carey that he "had bought a lot of
wheat, and should need money the following week." To
which Carey replied, "Well, all right, but you leave Uncle
Brad's note, and you can draw what money you require;"
and thereupon the note was returned to Carey, and the check
was destroyed. This last transaction was without the consent
or knowledge of "Uncle Brad" (the name by which defendant
Cave was familiarly known). Plaintiff then allowed Reel &
McGraw to overdraw their account, from time to time, until
they failed, on the twentieth day of July, when they were
indebted to the bank in an amount exceeding $2,000. The
note was given in the first instance to secure the bank upon
an acceptance of a draft upon Reel & McGraw for $2,000.
At the time the note matured, this acceptance had been paid,
and Reel & McGraw had, as before stated, $1,700 on deposit
to their credit, and the bank was willing that he should then
overdraw enough to pay the Cave note. At or immediately
after the failure, the bank attached sufficient property of
Reel & McGraw to satisfy all its demands. The property
attached was merchandise, book accounts, notes, and cash, of
the cash value of $21,000. There were two attachments,
amounting to $6,000, ahead of the bank attachment. The
attorney for the bank afterwards, without the consent or
knowledge of defendant, released the attachment in favor of
Pritchard, the first attaching creditor, who had also, on the
twenty-fifth of July, taken an assignment from Reel & Mc-
Graw of all their property for the benefit of creditors. Cave
had no notice of the release of said attachment until the thir-
tieth day of January, 1880, when the Sheriff made return of
his proceedings. Pritchard's attachment was on the twen-
tieth July, Wilcoxson & Farris' attachment was on the
twenty-second July, the assignment to Pritchard was on
twenty-fourth July, and plaintiff's attachment was on third
August.

*George E. Bates*, for Appellant.

The note sued on was never paid. There is no contrary evidence. No money was ever deposited with plaintiff for the purpose of paying this note. Even if Cave was surety to the bank (which we deny), he would not be released from liability on this note by principal debtors having sufficient money on deposit with the bank to pay this debt. (Brandt on Suretyship and Guaranty, § 376; Munger on Application of Payments, 76, and following; *Clark* v. *Sickler*, 21 Am. Rep. 606; *Dawson* v. *Real Estate Bank*, 5 Ark. 283; *National Bank of Newburgh* v. *Smith*, 66 N. Y. 271; *Martin* v. *Mechanics' Bank*, 6 Harris & Johnson, 235.)

The defendant Cave was not surety as to plaintiff, and his answer does not aver that plaintiff consented to deal with him in that capacity. The admission of his suretyship can not be construed to be broader than the averments of his answer. Both show only that he was "surety for Reel & McGraw," but fail to show that he was not principal as to plaintiff. (*Farmers' National Gold Bank* v. *Stover*, 9 P. C. L. J. 306; *Harlan* v. *Ely*, 55 Cal. 340; *Dane* v. *Corduan*, 24 id. 165.) The defendant Cave, even if surety, was not released from liability by any act of plaintiff. Cave has not shown that any property of Reel & McGraw was attached, or that if attached that its value was sufficient to pay the prior liens thereon. A surety is only released to the extent to which he shows himself injured. (C. C., § 2845; Brandt on Suretyship, § 380.) The Sheriff's return is the only evidence offered to prove the value of the property, and it is no part of a Sheriff's return, and is no evidence of value. The Sheriff's return does not show any levy on the books, accounts, or notes; these could be attached only in one way. (C. C. P., § 543.) The return upon a writ must show that everything necessary to a good attachment has been done. (*Charless* v. *Marney*, 1 Mo. 537.)

*L. S. Taylor* and *A. P. Catlin*, for Respondent.

The answer avers payment by Reel & McGraw, and upon this issue the verdict is founded on sufficient evidence. The

answer also avers that Cave executed the note as surety, and this is found for defendant on sufficient evidence.

The transaction at the maturity of the note between Mc-Graw and Carey (outside of it as a payment) exonerates the defendant under the provisions of Section 2839 of the Civil Code. If it was not in fact a performance of the principal obligation, it was an offer of such performance, coupled with the present ability to perform. The Court said, in *Hayes* v. *Josephi*, 26 Cal. 545: "It is true that a tender by the principal debtor does not discharge the debt, and he is bound to keep his tender good. * * * But there are substantial reasons why a tender should operate as a discharge of a mortgage or surety which do not apply to the debtor personally."

The rule, since the Code, is that the real relation (except as against innocent third persons) may be shown by parol as against the apparent relation. (C. C., § 2832.) In *Harlan* v. *Ely*, 55 Cal. 343 (case of a joint note), the Court said: "It was lent to both. The character which it was agreed should be performed by defendant in the transaction with plaintiff was that of principal. If plaintiff had advanced his money without notice of the suretyship, they could have held defendant as maker. If they had agreed to take him as surety, they could only have held him as such, although he appeared as principal upon the written instrument. The present is a case beyond the statute, in which the Court below reached the conclusion that the defendant had not appeared in duplicate character in his transaction with plaintiff, but that his real and apparent relation to them was the same."

In the case at bar, the jury found as a fact upon all the testimony, that the real relation between defendant and plaintiff was that of suretyship, and not that of principal, which, upon the face of the written instrument, it appeared to be. With this relation found by the verdict, there are a number of sufficient facts found to exonerate the defendant. 1. Plaintiff agreed with defendant to make the principal pay the note at maturity. 2. Plaintiff had the power to perform this agreement, and violated it, without any motive, other than one exclusively between itself and Reel & McGraw as a customer of its bank. 3. It was the duty of the bank to apply the $1,700 in its hands to the payment of the note. "Where the means of

satisfying the debt subsequently come into the hands of the creditor, and he does not avail himself of such means, but parts with them without the knowledge or consent of the surety, the surety is discharged," is what the Supreme Court said in *Hayes* v. *Josephi*, 26 Cal. 542, quoting, in support, *Baker* v. *Briggs*, 8 Pick. 121; S. C., 19 Am. Dec. 311; *Hayes* v. *Ward*, 4 Johns. Ch. 122; S. C., 8 Am. Dec. 554; 8 Serg. & R. 457; 13 id. 157. Carey's duty to apply the $1,700 was reinforced by his special promise to Cave.    4. It was the avowed purpose of the principal to apply the $1,700 to the payment of the note, and if this purpose was not consummated, as we contend it was, it was thwarted upon the motion of plaintiff, when he said to McGraw : " You leave Uncle Brad's note, and you can draw what money you require;" and this was a gross and inexcusable violation of plaintiff's duty. (C. C., § 2840.)    5. The $1,700 in cash in plaintiff's hands, and its avowed willingness to accept Reel & McGraw's check for the full amount due on the note (saying nothing of the acceptance of the check and the surrender of the note), was an exoneration of the defendant from all liability as surety.    6. The leaving of the note, that is, giving it back after it had been surrendered, was in pursuance of a new contract between Reel & McGraw and plaintiff, to which defendant was a stranger.

It is further averred in the answer that plaintiff secured the claim by attachment upon personal property more than sufficient to satisfy its demand, and afterwards, without defendant's knowledge or consent, and to favor other creditors, released the attachment.    (C. C., §§ 2840, 2845.)

The COURT:

There was evidence tending to show that the note in suit was paid by Reel & McGraw and surrendered to them, although subsequently retaken by the plaintiff from Reel & McGraw, and held by it without the knowledge or consent of the defendant Cave.   If the jury believed such evidence, notwithstanding the evidence in conflict, the verdict was correct. In such case we will not disturb the verdict.   There was evidence, also, tending to show that the plaintiff had sufficient property of Reel & McGraw attached to secure the

payment of the note, and that the attachment was released without the knowledge or consent of the defendant Cave. Cave being an accommodation maker, should not, under such circumstances, be injured by the acts of plaintiff.

No error appearing, the order is affirmed.